MAX SUISMAN *vs.* DANIEL GORENTZ ET ALS.

First Judicial District, Hartford, March Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

No valid deficiency-judgment can be rendered in a suit of foreclosure, when it appears from the record in the cause that the value of the property as officially appraised is in excess of the mortgage debt.
In the present case the trial court found, upon motion for a deficiency-judgment, that by reason of the existence of prior incumbrances the security available to the mortgagee was not what the appraisal would indicate, but was in fact considerably less than his debt; but the existence of such incumbrances was not alleged either in the complaint or in the motion. *Held* that such essential fact, not having been alleged, could not legally be found as a basis for a deficiency-judgment.

Argued March 9th—decided June 27th, 1916.

SUIT to foreclose a mortgage of real estate, to secure possession, and to obtain a judgment for damages, brought to and tried by the Superior Court in Hartford County, *Tuttle, J.,* upon the plaintiff's motion for a deficiency-judgment after a strict foreclosure and an ap-

praisal of the premises; the court denied the motion, and the plaintiff appealed. *No error.*

Another suit—Max Suisman v. Antonia Pescosolido *et als.*—in all material respects like this, was tried with it in the court below and was disposed of by that court in like manner; and from its action the plaintiff appealed. *No error.*

These actions were brought to foreclose separate mortgages on twin apartment houses for $2,500 each, made by the defendant Pescosolido. The defendant Gorentz was joined in one of the cases upon the allegation that he had purchased one of the apartment houses and assumed the mortgage debt. No allegation is made in either complaint of any prior mortgage or incumbrance on the property. The defendant in each case defaulted and stipulated that judgment might be entered in the sum of $2,926.50, and that the time limited for redemption should be the third Tuesday of June, 1915. In each case the plaintiff moved for the appointment of appraisers, who reported, within ten days after the time limited for redemption had expired, that the value of the property in each case was $8,800. The plaintiff then moved for deficiency-judgments, and the court denied the motions. From the denial of these motions the plaintiff in each case appeals. The two cases were argued together in this court.

*Saul Berman* and *Moses A. Berman,* for the appellant (plaintiff).

*Sidney E. Clarke* and *Francis E. Jones,* for the appellees (defendants).

BEACH, J.  On the face of these records the Superior Court did not err in refusing to render supplemental deficiency-judgments. The appraisal, which, by stat-

ute, is made part of the record, is in each case far in excess of the mortgage debt, and whatever right the plaintiff has to a deficiency-judgment depends entirely on certain essential facts which he has not pleaded, either in the complaint or in a written motion for a deficiency-judgment, and which do not appear of record, to wit, the existence and amount of prior incumbrances on the properties, by reason of which his available mortgage security is not what the appraisal would indicate, but is in reality less than the mortgage debt in each case.

It follows that on this state of the record no valid deficiency-judgment could have been rendered in either of these cases. The findings of the trial court made for the purposes of these appeals are not a part of the record; and no supplemental judgment which depended for its validity upon facts found and not pleaded could properly have been rendered. *DeLucia* v. *Valente*, 83 Conn. 107, 75 Atl. 150; *Greenthal* v. *Lincoln, Seyms & Co.*, 67 Conn. 372, 35 Atl. 266.

This conclusion disposes of these appeals, and since the ninety days after the expiration of the time limited for redemption, within which a supplemental judgment may be rendered in the foreclosure suit, have already elapsed, it is unnecessary to pass upon the plaintiff's claim that the statute is mandatory, and requires the court in which the foreclosure is pending to render a supplemental judgment in all cases where the other terms and conditions of the statute are complied with.

There is no error in either case.

In this opinion PRENTICE, C. J., THAYER and RORA-BACK, Js., concurred.

WHEELER, J. (dissenting). The original judgments of foreclosure each recite that "the court, pursuant to

said stipulation, and in accordance therewith, adjudged that $2,926.50 is due from the defendants to the plaintiff on the mortgage debt therein mentioned." No appeal was taken from said judgments. No claim was made then or now that the judgments were fraudulently obtained.

Thereafter the plaintiff made oral motion to the court for a deficiency-judgment in each case. The court heard the parties. It found that there was on each property a first mortgage of $5,000, and a second mortgage of $2,550, and that the fair appraisal value of each property was $8,800. The plaintiff claimed a deficiency-judgment in each case for the difference between the appraised valuation and the aggregate amount of the said first mortgage, the second mortgage and the judgment of $2,926.50, to wit, the sum of $1,676.50.

The defendants claimed that the original transaction affecting an exchange of property was procured through the false and fraudulent representation of the plaintiff; that therefore the granting of the deficiency-judgments would be lending the assistance of the court to a wrong; that the plaintiff was not entitled in equity to anything further than he had obtained by the foreclosure actions, and that the granting of the deficiency-judgments rested in the sound discretion of the court, which should not be exercised to grant affirmative relief to the plaintiff. The court sustained the claims of the defendants and denied the motions.

The judgments of foreclosure were not open to attack upon the motion for a deficiency-judgment. Defenses which might have been made in the original action were not then available. Claims which might have been urged for the reopening of the judgments had no place on the hearing of a motion for a deficiency-judgment. Under the statute the court had no discre-

tion; it had no duty save to find the difference between the appraisal value and the plaintiff's claim together with the prior incumbrances, and render judgment accordingly.

Upon the finding of the trial court the defendant Pescosolido appears to have been wronged, but the course taken was not the way to reach the wrong. In case 597, Gorentz purchased from Pescosolido and assumed the note secured by the mortgage, and it is not claimed by Gorentz that the plaintiff wronged him. So that upon the theory of the defendants and of the trial court no reason existed why a deficiency-judgment should not have been rendered against Gorentz. There is an especial reason why these defendants should not have been permitted to attack the original transaction for fraud. They failed to make it in the foreclosure actions, and they stipulated as to the judgments to be rendered, and they do not claim that the stipulation or the judgments were procured in fraud.

The ground upon which these motions were decided by the trial court, viz: that General Statutes, § 4124, was not mandatory and that the court might, in the exercise of its discretion, having found that the plaintiff's claim was against good conscience, deny the motions, was in my opinion clearly untenable.

The opinion of the majority does not support the decision of the trial court upon the ground taken by it. It advances a theory not suggested by that court and at no time advanced by the counsel for the defendants in brief or argument. That theory is that the facts essential to the decision of the motion for a deficiency-judgment must be pleaded of record; and that as the fact of the existence and amount of prior incumbrances on the properties were not pleaded, the court had no basis for rendering a valid deficiency-judgment.

There are several reasons which compel me to dis-

agree with this theory.  1.  The practice of the profession and of the courts has never required motions for deficiency-judgments to be in writing, or in the form of a pleading.  2.  In this case the parties, by going to a hearing without objection on this ground, waived the pleading if the practice were otherwise.  3.  The trial court by going to hearing and rendering judgment of dismissal countenanced the irregularity in the procedure if one existed.  4.  The finding on appeal is before us in order to determine whether error was made by the trial court.  The facts which the opinion holds should have been pleaded are a part of the finding, and we must consider them with a view to determining whether the trial court erred.  5.  If these findings had appeared in the judgment-file this court must have regarded them.  It cannot be known that upon a judgment granting the motion these facts would not have been recited.  6.  The amount of the prior incumbrances was one of the undisputed facts in the case, uncontested in the trial court and uncontested in this court.  7.  The original action gave the court jurisdiction, and the special facts authorizing a supplemental judgment of deficiency were before it.  8.  Had there been any suggestion that these facts should appear in a written motion, before judgment granting the motions could be rendered, the plaintiff would under our practice have had an opportunity to amend.

For these reasons I dissent from the conclusion of the opinion and especially from its reasoning.