## WILLIAM B. W. SMITH, TRUSTEE
vs.
## THE EMERALD CORPORATION, ET AL.

Superior Court          Fairfield County          File #52080

MEMORANDUM FILED APRIL 26, 1938.

Pullman & Comley, of Bridgeport, for the Plaintiff.

Curtis, Stoddard & Marsh, of Bridgeport, for the Defendants.

CORNELL, J.   The complaint alleges that Isador W. Res-

nick of Bridgeport and the defendant, The Bridgeport Land & Title Company as trustees (hereinafter referred to as the "Title Company") on February 1, 1929 entered into a certain indenture of mortgage whereby Resnick mortgaged to the Title Company, as trustee, certain realty in the City of Bridge-port with a building thereon located, known as "The Peerless Building", in the sum of $150,000. This, it is related, secured "an issue of notes" (which the mortgage indenture recites consisted of one hundred and twenty-five each in the sum of $1,000 and fifty, each in the sum of $500) aggregating in the whole, $150,000, as well as the interest thereon, payable at the offices of the Title Company, "to the registered holder" thereof. All of these notes, according to the complaint, were "issued and sold" by the Title Company to divers persons.

It is alleged that "in connection with the issue and sale of said notes the Title Company from time to time issued and delivered to the various note holders their Guaranty Policies . . . by the terms of which said The Bridgeport Land & Title Company guaranteed the payment of the principal and interest due on said notes under certain terms and conditions." The Title Company, which is in receivership, having resigned as trustee under the Indenture pursuant to the order of this Court, the plaintiff was named in its stead on September 18, 1936 and has since been and is now acting in that capacity. The legal title to the mortgaged premises stood of record at the time this action was commenced in the name of the de-fendant, The Emerald Company, which latter corporation is, also, in receivership. As relief (insofar as is material here) the complaint claims: foreclosure; appraisal of the mortgaged premises and a deficiency judgment against the Title Com-pany.

After the return of the action to this court, the plaintiff caused to be placed on the short calendar a "motion for dis-closure of defense and foreclosure." In response to this, counsel for all defendants disclosed "no defense." Thereupon, a decree of strict foreclosure was granted, in which the mort-gage debt was ascertained to be $164,477.40. Thereafter, on motion of the plaintiff, the court appointed three appraisers to evaluate the foreclosed premises, in accordance with the provisions of section 5083 of the General Statutes, Revision of 1930, who then filed their report in writing with the clerk of this court setting forth that they had appraised the property at $113,600. This was followed by a motion for a deficiency judgment under said section 5083 against the defendant, the

Title Company, in pursuance of its alleged liability under its "Guaranty Policies" mentioned supra. Counsel for the Title Company orally objects to the granting of this motion, assigning among other reasons that there is no liability upon its part under its "Guaranty Policies" to the plaintiff. To this, the plaintiff counters that any defense which the defendant claims to have, should have been pleaded to the complaint, and since this was not done, it is not available to the defendant and cannot be interposed by it against a motion for a deficiency judgment. The first question posed is, therefore, whether this contention is correct; the second, even though the plaintiff is right, should the motion be granted? As concerns the first, the observations which follow seem apropos.

It will be granted that a mortgage creditor is possessed of a diversity of means to collect the mortgage debt. Among them, he may (1) sue on the debt, note or other obligation, forsaking recourse to the mortgage which secures it (*Cion vs. Schupack,* 102 Conn. 644, 648); or (2) foreclose the mortgage and in case of failure of all parties defendant to redeem, accept the mortgaged property in satisfaction of the debt (This results, regardless of his intention, if he neglects to name the parties personally liable on the mortgage debt, note or other obligation in the action of foreclosure in which he is granted a decree) (Gen. Stat. [1930] §5080; *Cion vs. Schupack, supra*); or (3) file suit against the parties personally liable on the debt, note or other obligation and concurrently institute action of foreclosure on the mortgage securing it (*Cion vs. Schupack, supra*); or (4) institute suit for foreclosure of the mortgage naming as defendants, all parties to the debt, note or other obligation for which it is security; whom he may design to hold personally liable for any deficiency and having obtained a decree of foreclosure, then bring action on the mortgage debt, note or other obligation against the parties named as defendants in the foreclosure action for any deficiency between the amount of the debt and' the value of the foreclosed premises (*Cion vs. Schupack, supra; Acampora vs. Warner,* 91 Conn. 586, 588; *German vs. Gallo,* 100 id. 708, 711; *Bergin vs. Robbins,* 109 id. 329, 333); or (5) institute suit for foreclosure, naming in that action as parties defendant all persons whom he claims are personally liable for the mortgage debt, note or other obligation and, after obtaining a decree of foreclosure, then apply for an appraisal of the mortgaged premises and thereafter move for a deficiency judgment in supplementary proceedings under the

provisions of section 5083 of the General Statutes, Revision of 1930, against all or such parties as he may elect who are obligated to the payment of such debt, note or other obligation (*Atlas Realty Corporation vs. House,* 120 Conn. 661, 670; *German vs. Gallo,* 100 id. 708, 711; *Staples vs. Hendrick,* 89 id. 100).

Of these, "(3)", "(4)" and "(5)" are concerned with instances where the mortgage creditor would avail himself both of his right under the mortgage to appropriate the mortgaged property to the satisfaction of the debt which it secures and to, also, enforce the personal liability of parties obligated to pay such debt. Before the advent of what is now section 5083 of the General Statutes, Revision of 1930, this dual purpose could be effected only by separate actions, viz., one seeking foreclosure and the other by way of a suit at law on the mortgage debt, note of obligation. *Equitable Life Assurance Society vs. Slade,* 122 Conn. 451, 455. Since the enactment of that statute, however, while it is still permissible to resort to separate actions, it is no longer necessary. Both causes may now be prosecuted in one suit. Gen. Stat. (1930) §5083; *Equitable Life Assurance Society vs. Slade; Atlas Realty Co. vs. House; German vs. Gallo; Staples vs. Hendrick,* all supra. But the mere fact that both causes may be pursued in the one proceeding takes nothing away from the fundamental distinction between them. The one remains an action in rem and in equity; the other one in personam and at law. *Atlas Realty Co. vs. House, supra,* at p. 670, and cases cited in the opinion.

No judgment can be entered in either unless the pleadings support it and the pleadings cannot support it unless facts descriptive of the essential elements of the cause asserted are alleged (*Suisman vs. Gorentz,* 90 Conn. 618, 620, and cases cited in the opinion at p. 620), which means that a mortgage creditor who institutes action of foreclosure and designs to procure a deficiency judgment in the supplementary proceedings authorized by the statute (Gen. Stat. [1930] §5083) must not only allege facts sufficient to justify a decree of foreclosure on his mortgage, but, also, such as will support a judgment in personam against the particular defendant or defendants whom he would thus pursue. Obviously these allegations must appear in the complaint (Gen. Stat. [1930] §5506). If they do not, there is nothing upon which to base a determination of liability and without that is first adjudicated there can be no

judgment. If these elementary observations be valid then it follows, perforce, that a party named defendant in an action of foreclosure against whom there appears in the complaint allegations sufficient to impose liability on him in personam based upon the mortgage debt, note or other obligation must interpose his defense to such complaint in the same manner as though he were sued in a separate action to enforce such liability.

It is believed that the general scheme of the statute buttresses this conclusion. Its dominant purpose is to eliminate the necessity of two separate suits. *Equitable Life Assurance Society vs. Slade, supra.* The proceedings supplementary to judgment of foreclosure are directed to one purpose only, viz., to the determination of the amount of the deficiency judgment to be rendered, and that, in turn, is usually limited to the fixing of the value of the property, since the mortgage debt as ascertained in the decree of foreclosure will ordinarily coincide with the debt predicated on the mortgage note or other obligation. All this presupposes that all questions of liability shall have been theretofore determined. This is the conviction expressed by then Associate Justice George W. Wheeler in his dissenting opinion in *Suisman vs. Gorentz,* 90 Conn. 618, 620, where it is said (p. 622) that in supplementary proceedings under the statute (Gen. Stat. [1930] §5083) the court has "no duty save to find the difference between the appraisal value and the plaintiff's claim . . . and render judgment accordingly." Consistently with this, Justice Wheeler also says, in effect, that any defense to personal liability on the debt, note or other obligation cannot be raised in such supplementary proceedings. In holding that a defense of fraud attending the execution and delivery of mortgage notes was not available to prevent the entering of a deficiency judgment, he noted (p. 622): "They failed to make it in the foreclosure actions . . ." While the majority failed to pass upon that question in the case mentioned, the dissenting opinion is significant.

Though, as noted supra, there is no adjudication by the Supreme Court of Errors directly determining the point, there are certain innuendoes which, at least, do not dispute what is said in the foregoing. Thus in *German vs. Gallo, supra* (which was a separate suit seeking a judgment in personam against indorsers of a mortgage note), it was noted (p. 709): "There were not sufficient allegations in the *complaint* in the

foreclosure suit to charge the present defendants as indorsers, and no claim was made against them in the application for a deficiency judgment." (Italics mine.) In overruling a claim that the fact that such endorsers were named defendants with the maker of the note in the foreclosure action and decree of foreclosure granted against the maker operated to prevent the holder from suing the endorsers separately after such decree of foreclosure had entered, the opinion observes (p. 710): "Besides, it is found that the allegations of the *complaint* in the foreclosure suit were not sufficient to hold these defendants as indorsers...." (Italics mine.) The same thought is, at least, suggested in *Cion vs. Schupack, supra,* pp. 644, 647, 648, where a separate action was brought against an endorser on a mortgage note, who had been named in a prior suit to foreclose the mortgage, in which latter the plaintiff moved for an appraisal which was not made within the time limited by statute. Speaking of the failure to obtain a deficiency judgment in the action of foreclosure, the court said (p. 647): "That attempt failed, primarily because the plaintiff did not have an appraisal made within the time fixed by statute; though, truth to tell, it must have failed in any event *because there were no allegations in the complaint* which would have served to support a judgment based upon the indorsement...." (Italics mine.)

A number of other considerations, some of them based upon the distinction in purpose between section 5083 of the General Statutes, Revision of 1930, and section 5080 might be pointed out. Suffice it to say that when parties are joined under the provisions of said section 5080 merely for the purpose of preventing a right of action against them on the mortgage debt, note or obligation from being barred, it would seem that the complaint need contain only a statement of the relationship of such persons to such mortgage note, debt or obligation. When, however, a plaintiff designs to procure a deficiency judgment under the provisions of section 5083 the complaint must necessarily contain allegations which go further than merely showing the status of the defendant with respect to the mortgage obligation, but must, also, contain allegations such that, if established, would impose liability upon the named defendant. In the first instance such a defendant would not be required to plead to the complaint as respects his liability in personam. While in the second, he is apprised of the plaintiff's intention to demand a personal judgment and, there-

fore, would be required to do so. This statement depends for its validity, of course, upon the construed difference in purpose of the two statutes. These it is considered exist independently of each other (although complementing each other in respects not necessary to discuss here), because the first is designed to enable a plaintiff to preserve his right to a judgment in personam and vizualizes the later institution of a separate action to make it effective. Insofar as it requires that such parties must be named as defendants it is superfluous to section 5083, since, of necessity, persons against whom a judgment in personam is. sought in supplementary proceedings under the latter, must be brought in as defendants.

It is the conclusion, for the reasons noted in the foregoing, that a plaintiff who intends to move for a deficiency judgment in supplementary proceedings in an action of foreclosure under the provisions of section 5083 must allege facts in his complaint sufficient to support a judgment in personam and that if he does so any defendant to whom such allegations apply must interpose his defense or otherwise plead to them in the same manner, as though they were presented in a separate suit on the mortgage debt, note or other obligation. The instant defendant having failed to do this, but on the contrary having disclosed that it had no defense to such cause of action, as was stated against it, in the complaint, cannot now have the advantage of any defense it deems itself to possess against the entry of a deficiency judgment against it in the present proceeding. That suggests the second question, viz., is the plaintiff, however, entitled to a deficiency judgment?

The decree is one of strict foreclosure, only, and so operates but to cut off the respective equities of non-redeeming defendants. *City Lumber Co. of Bridgeport, Inc. vs. Murphy,* 120 Conn. 16, 19; *Cion vs. Schupack, supra; Bergin vs. Robbins, supra.* It contains no provision touching any determination effective to impose liability in personam. Reference to the matter set forth in the complaint shows only an allegation to the effect that the defendant "issued and delivered to the various note holders their guaranty policies" of which a copy is annexed to the complaint, by the terms of which the Title Company "guaranteed the payment of the principal and interest due on said notes under certain terms and conditions." The complaint fails to state that any of the "conditions" under which liability would arise on the

part of the Title Company to pay either principal or arrears of interest have been fulfilled. Instead there is strong indication that such facts as are stated appear only to show the existence of the guaranty policies and the alleged relationship of the defendant toward the notes, because of it, but that these are inserted only because: "by virtue of its obligations under said guaranty policies, said The . . . Title Company may claim an interest in said mortgaged premises." These statements are consonant with an invocation of section 5080 of the General Statutes, Revision of 1930, rather than section 5083 of the General Statutes, Revision of 1930, and thus betray only an intention to prevent any liability of the Title Company in personam from being barred by reason of the decree of strict foreclosure rather than a purpose to lay a foundation for a deficiency judgment in the supplementary proceedings authorized by said section 5083. As such they explain the judgment entered, viz., only a decree of strict foreclosure. In the view here taken, the other contentions pressed by the defendants—principally having to do with the question whether there would be any liability on defendants' part under the guaranty policies, in any event, to the instant plaintiff, are not apropos. The point is that there is no adjudication and, could not have been, under the allegations of the complaint, of liability on defendants' part in personam and, hence, no occasion to fix the extent of something that has not been determined to exist.

The motion for a deficiency judgment is, accordingly, denied.