83 N.J. Super. 497 (1964)
200 A.2d 506
79-83 THIRTEENTH AVE., LTD., A LIMITED PARTNERSHIP ASSOCIATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TERESA DeMARCO, JOSEPH DeMARCO, LOUIS DeMARCO AND DORIS DeMARCO, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 11, 1964.
Decided May 15, 1964.
*498 Before Judges GAULKIN, FOLEY and LEWIS.
Mr. Ronald C. Targan argued the cause for plaintiff-respondent.
Mr. Jacob Levine argued the cause for defendants-appellants (Mr. Frank Metro, attorney).
PER CURIAM.
We affirm generally on the opinion of Judge Conklin, 79 N.J. Super. 47 (Law Div. 1963).
Defendant argues that it is most unfair that the maker of a note secured by a mortgage on realty does not have the same right as the maker of a bond similarly secured, to a credit for the fair value of the land when he is sued for a deficiency after foreclosure. But, as Judge Conklin pointed out, we are bound by the statutes.
When the statutes in question were adopted, the use of notes in mortgage transactions was uncommon. As early as 1934 it was said, prophetically (Eisenberg & Spicer, "Mortgage Deficiencies In New Jersey," 3 Mercer Beasley L. Rev. 27, 41, quoted by Judge Conklin in 79 N.J. Super., at p. 52):
"Legislation which ignores * * * the problem presented by mortgages securing notes is incomplete and paves the way for future problems and difficulties. The practise of lending money upon bond and mortgage will disappear, except where made mandatory by statute. Those factors and considerations which impelled the Legislature to enact the 1880 Mortgage Act and which caused subsequent legislatures to enact the various amendments and supplements to that Act, have the same force and pressure of public policy behind them when applied to makers of notes accompanying mortgages. * * * Additional legislation is inevitable. The earlier it comes, the fewer will be the problems to solve and the injustices suffered."
*499 In his article, "Note Or Bond With Mortgage  Whither The Difference," 86 N.J.L.J. 572 (Oct. 17, 1963), Saul Tischler said:
"* * * Where there is one and the same object to be accomplished important rights and duties should not be made to depend on the use of one type of instrument instead of another. If a legislative policy applies to one instrument it should apply likewise to the other. Here is a situation that clearly requires early action by the Legislature."
In the same issue of the New Jersey Law Journal, an editorial urged legislation "to prevent the present inequity and injustice to a mortgagor who signs a note instead of a bond * * *. The statute suggested [by Mr. Tischler] is not a novel one. A similar one has been enacted in California and followed in other states. * * *."
We agree that the matter merits the attention of the Legislature, but under the circumstances of this case we can do nothing but affirm. No costs.