## BANK OF STAMFORD *v.* ROSARIA ALAIMO ET AL.
## (10817)

O'CONNELL, LAVERY and SCHALLER, Js.

Argued December 2, 1992—decision released April 13, 1993

*Jules Lang,* for the appellant (named defendant).

*Scott M. Harrington,* with whom, on the brief, was *Ellery E. Plotkin,* for the appellee (substitute plaintiff).

*Reuben S. Midler,* for Richard Testa (defendant).

LAVERY, J. The issue presented by this case is whether a defendant, in a hearing on a motion for deficiency judgment after a judgment of foreclosure has entered, the law days have passed, and title has vested, can raise defenses that could have been raised and decided in the foreclosure hearing, but were not. The trial court answered this question in the negative and we agree.

The plaintiff[1] was the holder of a note that was signed by Charles Alaimo, his mother Rosaria Alaimo, the named defendant and the sole appellant,[2] Alaimo Excavating and Blasting, Inc., and Richard Testa as obligors. The purpose of the loan was to finance equipment of Alaimo Excavating and Blasting, Inc. The plaintiff, pursuant to the terms of the loan, received as collateral a UCC-1 agreement concerning certain equipment and a second mortgage on the defendant's property at 16 Lounsbury Avenue in Norwalk. The defendant executed a mortgage deed and a subsequent modification that were both recorded. When all of the obligors on the note failed to make payments, the plaintiff's predecessor brought foreclosure proceedings against the defendant. On March 18, 1991, the trial

---

[1] The Federal Deposit Insurance Corporation has been substituted as plaintiff-appellee by motion.

[2] We will refer in this opinion to the named defendant as the defendant.

court entered a default for failure to appear and rendered judgment of strict foreclosure. On May 6, 1991, attorneys entered an appearance for the defendant. Subsequent to the attorneys' appearance, the plaintiff moved to open the judgment and extend the law date and moved to cite in the tenants in possession on the premises being foreclosed so that ejectment could be pursued as part of the foreclosure action. The judgment was opened, and the law day was extended, and title passed to the plaintiff on August 8, 1991. During that period of time, the defendant was represented actively by counsel who represented the defendant in a prejudgment attachment, and on her behalf filed a cross complaint against Charles Alaimo and Richard Testa and initiated prejudgment attachment proceedings against them. The plaintiff timely moved for a deficiency judgment. At the time of the hearing on the motion for deficiency judgment on October 21, 1991, new counsel appeared for the defendant, and the defendant requested a continuance, which was granted.

The defendant filed an objection to the motion for deficiency judgment, a motion to disgorge title, and a motion to dismiss. She subpoenaed officers of the plaintiff bank to produce bank records pursuant to the motion to disgorge the title. In addition, the defendant filed a lis pendens on the foreclosed property, claiming title pursuant to the motion to disgorge title. The plaintiff filed an objection to the motions as well as a motion to quash the subpoena and to discharge the lis pendens.

In the motion to disgorge and the motion to dismiss, the defendant claimed that the mortgage and the mortgage modification were invalid and unenforceable because the documents had not been contemporaneously witnessed and acknowledged as required by General Statutes § 47-5, and because the defendant had executed the documents without knowledge of their

contents while under duress and as a result of undue influence. In addition, the defendant claimed that since the plaintiff had failed to take steps to ensure that the documents were properly executed and part of a bona fide loan, and since it had improperly accepted the documentation without meeting the defendant or having the documents executed in its presence, the plaintiff should be required to restore the property to the defendant. The motion to dismiss alleges that the default judgment against the defendant was obtained on the basis of a faulty military affidavit of the deputy sheriff and a faulty return of service. The return stated that the abode of the defendant was the foreclosed premises when her abode was actually at Tierney Street, Norwalk. The defendant reasons that since process was never served at the place of abode or personally, the court lacked personal jurisdiction and the judgment was void.

The defendant made an offer of proof that the defendant did not enter into the transaction knowingly or with any understanding, that she had difficulty reading English, that she signed at her son's request, that her son told her that the property was not at risk, that she was afraid to say no to her son, that the defendant did not meet anyone at the bank and did not go to the bank, and that the defendant signed the papers in front of only her son at her house at 26 Tierney Street in Norwalk.

The defendant contested neither the value of the plaintiff's appraisal nor the stated debt. The court denied the defendant's motions and granted the plaintiff's motions to quash the subpoena and to discharge the lis pendens. The trial court ruled that the defenses should have been raised in an effort to defeat the judgment of foreclosure by attacking the underlying debt and mortgage rather than in the course of the defi-

ciency proceedings. The court rendered a deficiency judgment in the amount of $222,411.04 from which this appeal was taken.

A mortgagor who files a foreclosure suit and who intends to bring a deficiency judgment authorized by General Statutes § 49-14[3] must allege facts sufficient, not only to justify the decree of foreclosure on the mortgage, but to support a judgment in personam against the particular defendant or defendants against whom a deficiency judgment will be sought. *Smith* v. *Emerald Corporation,* 6 Conn. Sup. 117, 121 (1938).

---

[3] General Statutes § 49-14 provides: "DEFICIENCY JUDGMENT. (a) At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment.

"(b) Upon the motion of any party and for good cause shown, the court may refer such motion to a state referee, who shall have and exercise the powers of the court with respect to trial, judgment and appeal in such case.

"(c) Any party to a mortgage foreclosure who has moved for an appraisal of property for the purpose of obtaining a deficiency judgment, but has not been granted a deficiency judgment, or has not received full satisfaction of any deficiency judgment obtained subsequent to the filing of such motion, may make a motion to the court for a deficiency judgment as set forth in subsection (a) of this section. If such motion is made on or before November 1, 1979, such moving party shall be deemed to have complied with all of the requirements of subsection (a) of this section and shall be entitled to the benefit of any deficiency judgment rendered pursuant to said subsection (a).

"(d) Any appeal pending in the supreme court with regard to any deficiency judgment or proceedings relating thereto shall be stayed until a hearing is held pursuant to subsection (a) of this section. Any appellant in such an appeal shall have the right for a period of thirty days after the rendering of judgment pursuant to subsection (a) of this section to amend his appeal. There shall be no stay of such an appeal if no motion has been filed pursuant to this section on or before November 1, 1979."

A defendant in a foreclosure action, against whom there appears in the complaint allegations sufficient to impose liability in personam based on the mortgage note, must interpose a defense to such complaint in the same manner as though he were served in a separate action to enforce such liability. Id., 122. In *Smith,* a well crafted and learned opinion, Judge Cornell wrote: "It is believed that the general scheme of the statute buttresses this conclusion. Its dominant purpose is to eliminate the necessity of two separate suits. . . . The proceedings supplementary to judgment of foreclosure are directed to one purpose only, viz., to the determination of the amount of the deficiency judgment to be rendered, and that, in turn, is usually limited to the fixing of the value of the property, since the mortgage debt as ascertained in the decree of foreclosure will ordinarily coincide with the debt predicated on the mortgage note or other obligation. All this presupposes that all questions of liability shall have been theretofore determined. This is the conviction expressed by then Associate Justice George W. Wheeler in his dissenting opinion in *Suisman* v. *Gorentz,* 90 Conn. 618, 620 [98 A. 89 (1916)], where it is said (p. 622) that in supplementary proceedings under the statute [General Statutes (1930 Rev.) § 5083] the court has 'no duty save to find the difference between the appraisal value and the plaintiff's claim . . . and render judgment accordingly.' Consistently with this, Justice Wheeler also says, in effect, that any defense to personal liability on the debt, note or other obligation cannot be raised in such supplementary proceedings. In holding that a defense of fraud attending the execution and delivery of mortgage notes was not available to prevent the entering of a deficiency judgment, he noted (p. 622): 'They failed to make it in the foreclosure actions . . . .' While the majority failed to pass upon that question in the case

mentioned, the dissenting opinion is significant." (Citation omitted.) *Smith* v. *Emerald Corporation,* supra.

Judge Cornell's analysis in *Smith* was echoed by a New York court in *Griffo* v. *Swartz,* 61 Misc. 2d 504, 306 N.Y.S.2d 64 (1969). In that case, the defendant attempted to assert the defense of laches in a deficiency proceeding, claiming that the delay in conducting the foreclosure sale created the deficiency. The court held that "[a] judgment of foreclosure and sale having been entered against the defendant, all matters of defense which were or might have been put forth and litigated in the foreclosure action are concluded. . . . [F]indings of fact in a decree of foreclosure, showing defendants personally liable for any deficiency that may remain after a sale of the mortgaged premises, preclude defendants, on an application for a deficiency judgment, from presenting any defense which could or should have been interposed prior to the announcement of the decree, since the findings of fact in a mortgage foreclosure decree, on issues properly pleaded, are not reviewable on objections to a deficiency judgment . . . ." (Internal quotations marks omitted.) Id., 508–509.

In *First Bank* v. *Simpson,* 199 Conn. 368, 373, 507 A.2d 997 (1986), our Supreme Court said that in the hearing contemplated under § 49-14 to obtain a deficiency judgment, the court, after hearing the party's appraisal, determines the value of the property and calculates any deficiency. This deficiency judgment procedure presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property. The terms of the statute provide that if a deficiency is established, the court shall render "judgment for the plaintiff" and that "[t]he plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such

judgment." See footnote 3, supra. The limited role of deficiency proceedings is also recognized by the New Jersey courts. "In the deficiency the only matters to be considered by the court are the amount of the debt as adjudged by the chancery court and the amount by which it has been reduced by the application to it of the proceeds of the foreclosure sale." *79–83 Thirteenth Ave., Ltd.* v. *De Marco,* 79 N.J. Super. 47, 55, 190 A.2d 391 (Law Div. 1963), aff'd, 83 N.J. Super. 497, 200 A.2d 506 (App. Div. 1964), aff'd, 44 N.J. 525, 210 A.2d 401 (1965).

In *People's Bank* v. *Bilmor Building Corporation,* 28 Conn. App. 809, 822, 614 A.2d 456 (1992), we observed that "the procedure used to obtain a deficiency judgment [in a foreclosure action] is also part of the main action. See Practice Book § 528.[4] Also, a request for a deficiency judgment in a foreclosure action is brought by written motion and not by service of process."

Once title has passed in a strict foreclosure, as in this case, a final judgment has occurred that cannot be opened. *Barclays Bank of New York* v. *Ivler,* 20 Conn. App. 163, 166, 565 A.2d 252, cert. denied, 213 Conn. 809, 568 A.2d 792 (1989); *Merry-Go-Round Enterprises, Inc.* v. *Molnar,* 10 Conn. App. 160, 162, 521 A.2d 1065

[4] Practice Book § 528 provides: "Whenever a deficiency judgment is claimed in a foreclosure action, the party claiming such judgment shall file with the clerk of the court within the time limited by statute a written motion setting forth the facts relied on as the basis for the judgment, which motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment.

"Upon the motion of any party and for good cause shown, the court may refer such motion to a state referee for hearing and judgment."

(1987); see *Meriden Savings Bank* v. *Sujdak,* 124 Conn. 604, 610–11, 1 A.2d 134 (1938). Any claims by the defendant that were made or could have been made in the foreclosure proceeding cannot be relitigated in the deficiency hearing. For example, in *Cronin* v. *Gager-Crawford Co.,* 128 Conn. 688, 693, 25 A.2d 652 (1942), our Supreme Court noted that it is " 'well established that since the confirmation of a foreclosure sale is the final determination by the court that the mortgaged property was sold at a fair price, the defense of inadequacy of price cannot be raised in subsequent proceedings, and for the purpose of a deficiency decree the price obtained at the sale is conclusive on the question of the market value of the property.' "

Some defenses may be raised to a motion for deficiency judgment, but not those that were or could have been raised in the foreclosure hearing. *Maresca* v. *DeMatteo,* 6 Conn. App. 691, 506 A.2d 1096 (1986) (defense of usury) (timeliness of the filing of a motion for deficiency judgment in a strict foreclosure); see also *Baybank Connecticut, N.A.* v. *Thumlert,* 222 Conn. 784, 610 A.2d 658 (1992) (the defense of laches as to the issue of timeliness in filing the motion for deficiency in a foreclosure by sale proceeding under General Statutes § 49-28);[5] *Society for Savings* v. *Chestnut Estates, Inc.,*

---

[5] General Statutes § 49-28 provides: "WHEN PROCEEDS OF SALE WILL NOT PAY IN FULL. If the proceeds of the sale are not sufficient to pay in full the amount secured by any mortgage or lien thereby foreclosed, the deficiency shall be determined, and thereupon judgment may be rendered in the cause for the deficiency against any party liable to pay the same who is a party to the cause and has been served with process or has appeared therein, and all persons liable to pay the debt secured by the mortgage or lien may be made parties; but all other proceedings for the collection of the debt shall be stayed during the pendency of the foreclosure suit, and, if a deficiency judgment is finally rendered therein, the other proceedings shall forthwith abate. If the property has sold for less than the appraisal provided for in section 49-25, no judgment shall be rendered in the suit or in any other for the unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered, nor shall the same be col-

176 Conn. 563, 409 A.2d 1020 (1979) (the constitutionality of § 49-14). The Court of Appeals of Maryland in *McKenna* v. *Sachse,* 225 Md. 595, 602, 171 A.2d 732 (1961), discussing which defenses may be raised to a deficiency application, said "[t]he mortgagor, when pressed for a deficiency decree, may raise any 'defense that could be made in an action at law on the covenants in the mortgage,' . . . that is, any defense such as payment or release, or any other defense to the claim which has arisen since confirmation of the sale." (Citation omitted.)

In this case, the trial court properly denied the defendant's objection to the motion to dismiss since the defendant's first set of attorneys, who filed their appearances on May 6, 1991, had thirty days under Practice Book § 114[6] to file a motion to dismiss for lack of personal jurisdiction or insufficiency of process or service of process. The defendant, through her first attorneys, filed cross claims against the defendants Testa and Charles Alaimo, but did not file a motion to dismiss based on Practice Book § 114. These personal jurisdiction claims were waived and barred by the fore-

---

lected by any other means than from the proceeds of the sale until one-half of the difference between the appraised value and the selling price has been credited upon the debt or debts as of the date of sale; and, when there are two or more debts to which it is to be applied, it shall be apportioned between them."

[6] At the time of the deficiency proceedings here, Practice Book § 114 provided: "Commencing on the return day of the writ, summons and complaint in civil actions, pleadings, including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day, and any subsequent pleadings, motions and requests shall advance at least one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the court thereon if one is required, except that in summary process actions the time period shall be three days. The filing of interrogatories or requests for discovery shall not suspend the time requirements of this section unless upon motion of either party the court shall find there is good cause to suspend such time requirements."

closure judgment and by the failure to comply with the rules of practice, and cannot be resurrected in the motion for deficiency judgment.

The motion to disgorge, in which the defendant is seeking to reopen the judgment of foreclosure and put the title to the premises back in the defendant, is based on the defendant's allegations that the mortgage and its modification were invalid and unenforceable because the documents were not contemporaneously witnessed or acknowledged as required by General Statutes § 47-5,[7] and that the defendant executed the documents under duress and under undue influence and without knowledge of their contents. The defendant was represented by counsel beginning on May 6, 1991. While the defendant was represented by counsel, the judgment was opened, tenants on the subject property were cited in, judgment was reentered, new law days were set and, on August 8, 1991, title to the premises was vested in the plaintiff. Viable defenses to the foreclosure action could have been raised by the defendant and were not; no appeal to the judgment of strict foreclosure was taken. The defendant is bound by the judgment of foreclosure as to the issues raised in the motion to disgorge. We have reviewed the motion to disgorge on the basis of the allegations contained therein. There is no such motion in the rules of practice or in our jurisprudence, and General Statutes

[7] General Statutes § 47-5 provides in pertinent part: "CONVEYANCES TO BE IN WRITING AND ACKNOWLEDGED. CONVEYANCES PURSUANT TO POWER OF ATTORNEY. (a) All conveyances of land shall be: (1) In writing; (2) if the grantor is a natural person, subscribed, with or without a seal, by the grantor with his own hand or with his mark with his name annexed to it or by his attorney authorized for that purpose by a power executed, acknowledged and witnessed in the manner provided for conveyances or, if the grantor is a corporation or partnership, subscribed by a duly authorized person; (3) acknowledged by the grantor, his attorney or such duly authorized person to be his free act and deed; and (4) attested to by two witnesses with their own hands."

§ 49-15[8] prohibits any such motion in this controversy. The other claims of the defendant are similarly without merit.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] General Statutes § 49-15 provides: "OPENING OF JUDGMENTS OF FORE-CLOSURE. Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer."