[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A judgment of strict foreclosure entered in this matter on June 10, 1991, in the name of Connecticut Bank and Trust Company. Thereafter, F.P. filed its motion for a deficiency judgment on August 13, 1991. F.P. claims to be the party plaintiff herein by way of assignment of the underlying note and mortgage from New Connecticut Bank and Trust. F.P. claims to have been substituted as plaintiff herein under motion dated May 31, 1991. According to the brief of the defendant, Thomas Shelton either the court file nor the land records reflect the claimed assignments or substitutions.
Connecticut General Statutes 49-14 states that "any party to a mortgage foreclosure may file a motion seeking a deficiency judgment." "Section 49-14 is applicable only to a claim for a deficiency judgment by a foreclosing plaintiff." Investors Mortgage Co. v. Diorio, 1 Conn. L. Rptr. 669 (1990); See also First Bank v. Simpson, 199 Conn. 368, 373 (1986); Investors Mortgage v. Rodia, 7 Conn. L. Rptr. 126, 127 (1992). F.P., Inc. is not a party nor is it a foreclosing plaintiff. Thus, F.P, Inc. cannot claim or recover a deficiency judgment. CT Page 6348-Q
Moreover, a party seeking a deficiency judgment "must allege facts sufficient, not only to justify the decree of foreclosure on the mortgage but to support a judgment in personam against the particular defendant or defendants against whom a deficiency judgment will be sought." Bank of Stamford v. Alaimo, 31 Conn. App. 1,5 (1993). Since F.P, Inc. has not filed a substituted complaint alleging its entitlement to a deficiency judgment, its motion is denied.
Accordingly, F.P., Inc.'s motion for a deficiency judgment is denied.