[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR DEFICIENCY JUDGMENT (#124)
On October 3, 1994, the court, Mottolese, J., entered a judgment of strict foreclosure in this action and set a law day of October 25, 1994. The plaintiff, the Federal Deposit Insurance Corporation (FDIC), filed a motion for a deficiency judgment on November 23, 1994. The motion leaves unclear which defendants the plaintiff seeks a deficiency judgment against. On December 23, 1994, the defendants, Harry Tarpinian, Pat DiScala and Davit Fite Waters, Trustee, filed an objection to the motion for a deficiency judgment. The plaintiff, on January 9, 1995, filed a memorandum in opposition to the objection.
The defendants argue that there is no legal basis for a deficiency judgment against Waters as he was not a party to the note, and that the plaintiff is estopped from asserting a claim for a deficiency judgment because such deficiency arose as a result of the plaintiff's own actions. The plaintiff maintains that Waters is liable on the note because of a modification agreement he executed on the original note, and that the defendants are not CT Page 2830 permitted to relitigate claims that could have been made in the foreclosure proceeding.
"[A] judgment of strict foreclosure extinguishes all rights of the foreclosing mortgagee on the underlying note, except those enforceable through the use of the deficiency judgment procedure delineated in General Statutes § 49-14. . . . Section 49-14(a) provides in pertinent part that any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. At the hearing on the motion, the court shall hear the evidence, establish a valuation for the mortgaged property and shall render a judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. . . . The value of the premises on the date that title becomes vested in the mortgagee determines whether the mortgagee is entitled to a deficiency judgment." (Citations omitted; internal quotation marks omitted.)Eichman v. J J Building Co., 216 Conn. 443, 448-49, 582 A.2d 182
(1990).
The defendants argue that the plaintiff is estopped from asserting a deficiency judgment because the defendants repeatedly offered to convey the property to the plaintiff during the pendency of the foreclosure when the property value was higher.
The court in Suffield Bank v. Berman, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 376564 (January 29, 1993, Aurigemma, J.), aff'd, 228 Conn. 766,639 A.2d 1033 (1994) determined that a court could deny a deficiency judgment based on the plaintiff's inequitable conduct. The Appellate Court stated, however, that "[a]ny claims that were made or could have been made in the foreclosure proceeding cannot be relitigated in the deficiency hearing." Bank of Stamford v.Alaimo, 31 Conn. App. 1, 9, 622 A.2d 1057 (1993).
The defendants did not file any defenses of an offer of deed in lieu of foreclosure, or laches in this foreclosure action. Moreover, the court in Bank of Boston v. Platz, 41 Conn. Sup. 587
(1991, Satter, J.) determined that an offer of a deed is not a tender of full payment, and is not the equivalent of a foreclosure judgment. Id., 591-92. The prior tenders of a deed are not relevant in determining the existence of a deficiency.
The defendants also contend that a deficiency judgment cannot lie against Waters as he was not a maker of the note but merely pledged the property. CT Page 2831
"A mortgagor who files a foreclosure suit and who intends to bring a deficiency judgment authorized by General Statutes § 49-14
must allege facts sufficient, not only to justify the decree of foreclosure on the mortgage, but to support a judgment in personam against the particular defendant or defendants against whom a deficiency judgment will be sought. . . . A defendant in a foreclosure action, against whom there appears in the complaint allegations sufficient to impose liability in personam based on the mortgage note, must interpose a defense to such complaint in the same manner as though he were served in a separate action to enforce such liability." (Footnote omitted.) Bank of Stamford v.Alaimo, supra, 31 Conn. App. 5.
The plaintiff alleges that Waters is liable on the note by virtue of the modification, dated January 31, 1990, and signed by Waters as Trustee. The plaintiff in its amended complaint, dated July 22, 1994, does not allege that Waters is liable on the note. The plaintiff merely alleges that Waters mortgaged the property, and was record owner of the premises. Furthermore, the modification states that the terms are modified at the request of Harry Tarpinian and Pat DiScala, and that they agree to pay the amounts due on the note. The modification also states that Harry Tarpinian and Pat DiScala on behalf of T D Builders and the Mortgagor further agree to comply with all the terms and provisions of said note and mortgage deed. . . ."
Whether Waters is personally liable on the note by virtue of the modification, or whether he signed the modification in a representative capacity is a question of fact which was not raised or decided in the foreclosure proceeding. See General Statutes § 42a-402(1). In New England Savings Bank v. High Ridge, Inc.,5 Conn. L. Rptr. 110 (October 3, 1991, Leuba, J.) the court determined that liability on a guarantee could be raised in a deficiency hearing, however, the plaintiff had alleged in the complaint that the defendant had guaranteed payment on the note. In the present case, the plaintiff did not allege Waters was liable on the note in its complaint. Therefore, the allegations are not sufficient to impose liability in personam against Waters. Accordingly, a deficiency judgment in respect to Waters is denied, and an evidentiary hearing shall be scheduled to determine whether the plaintiff's motion for a deficiency exists as to the other defendants.
HICKEY, J. CT Page 2832