[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR DEFICIENCY JUDGMENT # 164
CT Page 5001
I. Facts:
On April 30, 1991, the defendant, Luciano G. Mase, executed a commercial promissory note in the amount of $722,561.66 in favor of the Union Trust Company (the note). The plaintiff, First Union National Bank (Union), is the successor in interest to the Union Trust Company. Mase secured the note, pursuant to a Mortgage Deed and Security Agreement, dated April 30, 1991, and as modified by a Modification Agreement, dated March 20, 1996, by a mortgage on the premises located at 192 East Main Street, Clinton, Connecticut, which contained a restaurant (the premises).[1] Mase also secured the note by assigning to Union his interest in all fixtures, furnishings, appliances, equipment, etc. within the premises (the collateral). As further security for the note, Mase granted to Union an Assignment of Leases and Rentals, dated April 30, 1991, with respect to the premises.
On January 30, 1998, Union brought a complaint against Mase seeking, inter alia, to foreclose the mortgage on the premises in order to recover an unpaid balance of $193,862.54 due under the note.[2] On March 8, 1999, Union obtained a judgment of foreclosure by sale on the premises, valued by an appraiser in the amount of $390,000, and the court, Arena, J., found Union's debt to be $231,024.75. On July 24, 1999, the appointed committee sold the premises to the highest bidder for the sum of $240,000. On October 15, 1999, the court, Arena, J., granted the committee's motion for approval of sale, approval of deed, acceptance of report and allowance of committee's fees and expenses. Thereafter, on November 16, 1999, the court, Gordon, J., granted a motion for supplemental judgment in favor of Union under which it was granted the proceeds of the sale and was ordered to pay the committee expenses. As of the date of the supplemental judgment, Mase's debt was found to be $257,160.38, including interest and costs.
On November 19, 1999, Union filed a motion for a deficiency judgment seeking to recover the remaining unpaid balance of its debt, including interest in the amount of $5.76 per day, as well as additional attorney's fees of $1,500. Union filed an updated debt computation, dated January 12, 2000, claiming a deficiency of $28,520.75, which includes interest and costs through January 18, 2000 as well as the requested attorney's fees of $1,500. On February 4, 2000, Union filed a memorandum in support of its motion for a deficiency judgment. On February 7, 2000, Mase filed a memorandum in opposition. CT Page 5002
II. Discussion:
A. Whether equity requires that Mase's counterclaim be heard prior to the entry of a deficiency judgment
Mase argues that equity requires that his counterclaim be heard prior to the entry of a deficiency judgment against him. In response, Union argues that the counterclaim was severed from the foreclosure action and, therefore, has no bearing on its motion for a deficiency judgment.
On July 13, 1998, Mase filed a nine count amended counterclaim. The first through fifth counts are predicated upon the allegation that Union failed to act on its assignment of rents with respect to the premises. The sixth through ninth counts are based on Mase's claim that Union wrongfully acted on its assignment of rents for Mase's Westbrook properties. On November 2, 1998, the court, Munro, J., granted Union's motion to sever the counterclaim from the foreclosure action.
"[D]eficiency proceedings are not . . . independent actions on the debt. Rather, they are part of the main foreclosure suit. . . ." (Citation omitted; internal quotation marks omitted.) Federal DepositIns. Co. v. Voll, 38 Conn. App. 198, 207, 660 A.2d 358 (1995). A deficiency hearing "is intended to decide only the limited issue of the [defendant's] liability beyond the amount secured by the property." Vignot v. Bank of Mystic, 32 Conn. App. 309, 314,628 A.2d 1339 (1993). A deficiency judgment hearing "presupposes that all questions of liability shall have been theretofore determined." Bankof Stamford v. Alaimo, 31 Conn. App. 1, 6, 622 A.2d 1057 (1993). In light of the fact that the counterclaim was previously severed from the present matter and a motion for a deficiency judgment is part of the main foreclosure action, the court finds that equity does not require that Mase's counterclaim be heard prior to the entry of the deficiency judgment, and accordingly, will not entertain Mase's counterclaim.
Moreover, "[a]ny claims by the defendant that were made or could have been made in the foreclosure proceeding cannot be relitigated in the deficiency hearing." Id., 9; accord Federal Deposit Ins. Co. v. Voll, supra, 38 Conn. App. 209-10. Mase presented his counterclaim arguments in this matter pursuant to a number of previously filed motions. On May 28, 1998, Mase filed a motion entitled "motion for order re: rental income," in which he requested an order requiring CT Page 5003 Union to account for any monies it received from Mase's Westbrook tenants. On November 2, 1998, Mase filed an objection to Union's motion to sever his counterclaim arguing that Union's failure to act on its assignment of rents for the premises was directly related to the making and enforcement of the mortgage and note. Lastly, on November 2, 1998, Mase filed an objection to Union's motion for summary judgment arguing that Union was not entitled to a foreclosure judgment as a matter of law because Union's failure to act on its assignment of rents for the premises presented a genuine issue of material fact.
On November 2, 1998, the court, Munro, J., denied Mase's motion and overruled both of his objections. Accordingly, the court will not allow Mase to present these claims at this stage of the proceedings. Mase will have the opportunity to have these claims heard in his independent action against Union.
B. Whether the value of the security interest in the collateral within the premises should be deducted from the amount of any deficiency
Mase argues that the value of the security interest Union holds in the collateral within the premises should be deduced from the amount of any deficiency judgment. Specifically, Mase alleges that Union informed him that it did not intend to take possession of the collateral. Notwithstanding Union's refusal to take possession of the collateral, Mase alleges that Union will not release its interest in the collateral. Mase further alleges that, as a result, he cannot take possession of the collateral to satisfy the deficiency Mase, therefore, argues that the collateral should be deducted from the amount of the deficiency or that Union should release its interest in the collateral. In response, Union argues that the language of the Mortgage Deed and Security Agreement expressly provides that it can pursue any combination of remedies in seeking satisfaction of its debt. It further argues that Connecticut law supports a mortgagee's right to be made whole by pursuing multiple remedies.
"Foreclosure is an equitable action permitting the trial court to examine all matters to ensure that complete justice may be done. . . . The determination of what equity requires in a particular case, and the balancing of equities is a matter for the discretion of the trial court." Webster Bank v. Haddad, Superior Court, judicial district of Danbury, Docket No. 320529 (March 15, 1996, Moraghan, J.). See alsoNortheast Savings v. Plymouth Commons Realty, Superior Court, judicial district of Hartford, Docket No. 374401 (July 5, 1991,Satter, J.) (A "claim to be a set-off [is] allowable in equity . . . ."). CT Page 5004
Union has a right to pursue multiple remedies in order to recover the balance of its note. See New Milford Savings Bank v. Jajer,244 Conn. 251, 266, 708 A.2d 1378 (1998). Nonetheless, the court finds that it is inequitable for Union to refuse to assert its rights with respect to the collateral and still maintain its interest in the collateral, which is contained within premises Union obtained a judgment of foreclosure on. Although the court finds that Union's motion for a deficiency judgment ought to be granted, enforcement of the deficiency judgment is stayed until Union asserts its rights in the collateral or releases its interest in the collateral. In the event Union chooses to sell the collateral, the proceeds of the sale will be deducted from the amount of the deficiency judgment. If Union chooses to release its interest in the collateral it can file a motion to vacate the stay.
C. Whether Union's request for additional attorney's fees should be reduced
Mase argues that Union's request for additional attorney's fees in the amount of $1,500 should be reduced as the amount of the fees is disproportionate to the actual work involved. "Attorney's fees in foreclosure actions are within the equitable discretion of the court and are subject to the control of the court, which may reduce the amount sua sponte at its discretion, or after hearing, if their validity or reasonableness are contested by an adverse party."Mountain View Condo. v. Rumford Assoc., Superior Court, judicial district of Tolland, at Rockville, Docket No. 55693 (March 4, 1997,Hammer, J.T.R.). The court finds that the request for attorney's fees is reasonable and, therefore, declines to reduce the amount of the fees.
D. Judgment for deficiency after foreclosure by sale
"A deficiency judgment provides a means for a mortgagee to recover any balance due on the mortgage note that was not satisfied by the foreclosure judgment." (Citation omitted; internal quotation marks omitted.) Federal Deposit Ins. Co. v. Voll, supra, 38 Conn. App. 208. In a foreclosure by sale, "[t]he deficiency is determined by subtracting the sale proceeds from the amount of the debt." NewEngland Savings Bank v. Lopez, 227 Conn. 270, 277-78, 630 A.2d 1010 (1993).
A judgment of foreclosure by sale was entered in this action on March 8, 1999, and the court set July 24, 1999 as the date of said sale and the committee sold the premises to Louis Bassett for the sum of $240,000. Thereafter, on November 16, 1999, a supplemental judgment entered in favor of Union under which it was granted the CT Page 5005 proceeds of the sale, $240,000, and was ordered to pay the expenses of the sale and appraisal in the amount of $3,897.32. As of the date of the supplemental judgment, the court found that Union's debt to be $257,160.38, including interest and costs.
Union filed an updated debt computation, dated January 12, 2000, indicating a debt of $267,020.75, including the judgment debt as of the original judgment rendered on March 8, 1999 in the amount of $231,024.75, attorney's fees awarded on March 8, 1999 in the amount of $7,500, the appraisal fee awarded on March 8, 1999 in the amount of $1,525, title search fees awarded on March 8, 1999 in the amount of $150, other costs taxed on May 7, 1999 in the amount of $2,209.10, post judgment committee and appraisers fees and expenses in the amount of $3,897.32, and interest from March 8, 1999 through January 18, 2000 in the amount of $20,714.58. Including the additional attorney's fees of $1,500, the court finds Union's total debt to be $268,520.75. The sale proceeds, $240,000, subtracted from the amount of the debt, $268,520.75, leaves Union with a remaining debt of $28,520.75. In its motion for a deficiency judgment, Union further seeks interest at the rate of $5.67 per day. Accordingly, the court finds that interest at the rate of $5.67 per day since January 19, 2000 has accumulated in the amount of $518.40 and the total amount of the deficiency is, therefore, $29,039.15.
III. Conclusion:
For the reasons herein stated, Union's motion for a deficiency judgment is granted and judgment is entered in the amount of $29,039.15 against Mase. Enforcement of the deficieny judgment is stayed. In the event Union sells the collateral, the proceeds of the sale will be deducted from the amount of the deficiency judgment. If Union releases its interest in the collateral, it is directed to file a motion to vacate the stay.
It is so ordered.
By the court,
 Arena, J.