HENRY P. VIGNOT ET AL. *v.* BANK OF MYSTIC ET AL.
(11823)

FOTI, HEIMAN and SCHALLER, Js.

Argued June 2—decision released August 3, 1993

*Eugene C. Cushman,* for the appellants (defendants Richard A. Kushman et al.).

*Raymond L. Baribeault, Jr.,* for the appellees (plaintiffs).

SCHALLER, J. The defendants Richard A. Kushman, Kathleen Kushman, Eugene C. Cushman, and Sylvia A. Cushman (Kushmans) appeal from a deficiency judgment rendered in favor of the plaintiffs, Henry Vignot and Marjorie Vignot.[1] The dispositive issues on appeal are (1) whether the defendant mortgagors, after a judgment of strict foreclosure had been entered and title vested in the mortgagees, could raise a defense during the deficiency proceeding that could have been raised during the foreclosure proceeding, and (2) whether the plaintiff mortgagees can obtain a deficiency judgment against any of the defendants who were not specifically mentioned in the motion for deficiency judgment. We affirm the judgment of the trial court.[2]

---

[1] The plaintiffs also named the Bank of Mystic as a defendant in this action. References to the defendants hereinafter include both the Bank of Mystic and the four Kushmans. The Bank of Mystic, however, has not appealed.

[2] The defendants also raised the following issue. If, under General Statutes § 49-1, a second mortgagee strictly forecloses the property of the

The pertinent facts of this case are as follows. The Kushmans executed a promissory note in favor of the plaintiffs, the Vignots, in the amount of $100,000. As security for the note, the Kushmans gave the plaintiffs a first mortgage on the real estate at 484 Long Hill Road in Groton. In addition, the Kushmans executed a promissory note in favor of the Bank of Mystic. The Kushmans secured that note by giving a second mortgage to the Bank of Mystic on the Groton real estate.

In July, 1991, the Bank of Mystic obtained a judgment of strict foreclosure on the Kushmans' property.[3] On October 8, 1991, the Vignots brought foreclosure proceedings against the defendants. All defendants were defaulted for failure to plead and for failure to disclose a defense. The trial court granted a motion for judgment of strict foreclosure on January 21, 1992. Separate law days for redemption were set for the defendants, but none redeemed.

The plaintiffs filed a motion for a deficiency judgment on March 17, 1992, requesting an evidentiary hearing to determine the value of the property and a deficiency judgment. Pursuant to Practice Book §§ 121 and 122, this motion was served on the attorney who represented all four Kushmans throughout the entire foreclosure action. The plaintiffs specifically mentioned only the defendant Richard A. Kushman in their recitation

---

defendants, can the plaintiff first mortgagee then also strictly foreclose on the same property and obtain a deficiency judgment under General Statutes § 49-14 against the defendants. We do not reach the merits of this issue, as the case is decided on more narrow grounds.

Because we conclude that the Kushmans failed to raise at an appropriate time the claim that they were not proper defendants in the foreclosure action, we do not decide their status in the foreclosure proceeding or in the assignment of law days.

[3] While the facts regarding the Bank of Mystic foreclosure are relevant to the Kushmans' claim that they could not be the subject of a second foreclosure proceeding by the plaintiffs, as noted, we do not reach the merits of that claim.

of facts, but did not limit their motion to Richard A. Kushman. In addition, in their original complaint, the plaintiffs' claims for relief included a deficiency judgment against all four Kushmans, as well as a judgment against all four Kushmans on the underlying note.

On April 1, 1992, the defendant Richard A. Kushman filed a motion to dismiss the plaintiffs' motion for deficiency judgment on the ground that the judgment of foreclosure against him was moot. The trial court denied the defendant's motion on May 5, 1992. On May 21, 1992, the defendant Richard A. Kushman then filed a special defense to the plaintiffs' motion for deficiency judgment, claiming that the statutory time limit for a deficiency judgment had expired.

On June 22, 1992, the trial court began the deficiency hearing. The court heard testimony from the plaintiffs' appraiser, as well as argument regarding the value of the real property. The court then granted the motion for a deficiency judgment against Richard A. Kushman, Kathleen Kushman, Eugene C. Cushman, and Sylvia A. Cushman. On June 25, 1992, the trial court heard further argument on whether any or all of the Kushmans were proper defendants at the deficiency hearing. The court found that all four Kushmans were liable for the deficiency. The court also heard argument on the exact amount of the deficiency and then ordered that counsel for the Kushmans and counsel for the plaintiffs prepare and agree to a proposed judgment for the court's approval. Finally, on August 31, 1992, the court found a deficiency in the amount of $33,345.58. All four Kushmans appealed from the trial court judgment granting a deficiency against them.

I

The Kushmans' claim, at the outset, that they are not liable for a deficiency in this foreclosure action because their equity of redemption and interest in the

property had been extinguished in the prior foreclosure action brought by the Bank of Mystic as second mortgagee. For the following reasons we do not reach this claim.

This court has held that "[o]nce title has passed in a strict foreclosure . . . a final judgment has occurred that cannot be opened." (Citations omitted.) *Bank of Stamford* v. *Alaimo,* 31 Conn App. 1, 8, 622 A.2d 1057 (1993). We have observed that " 'the procedure used to obtain a deficiency judgment [in a foreclosure action] is also part of the main action.' " Id., quoting *People's Bank* v. *Bilmor Building Corporation,* 28 Conn. App. 809, 822, 614 A.2d 456 (1992). The defendant in the subsequent deficiency proceeding, however, cannot assert defenses properly addressed to the actual judgment of foreclosure. "Any claims by the defendant that were made or could have been made in the foreclosure proceeding cannot be relitigated at the deficiency hearing." *Bank of Stamford* v. *Alaimo,* supra, 9. This view is reinforced by the limited nature of the deficiency hearing. Our Supreme Court has held that "[i]n the hearing contemplated under § 49-14 to obtain a deficiency judgment, the court, after hearing the party's appraisers, determines the value of the property and determines any deficiency. This deficiency judgment procedure presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property." *First Bank* v. *Simpson,* 199 Conn. 369, 373, 507 A.2d 997 (1986); see also *Bank of Stamford* v. *Alaimo,* supra, 7.

In light of these principles, the Kushmans cannot now prevent the plaintiffs from obtaining a deficiency judgment pursuant to the plaintiffs' judgment of strict foreclosure. The Kushmans did not challenge the validity of the strict foreclosure proceeding, as they neither pleaded nor presented a defense. The Bank of Mystic appeared and stated that it had no defense. As a result,

the court entered a default judgment of strict fore-
closure against all defendants. At the hearing on the
motion for deficiency judgment, the Kushmans then
claimed that they were not proper parties to this action
because their equity of redemption had been extin-
guished by the Bank of Mystic foreclosure in July, 1991.
This argument, however, clearly concerns the merits
of the underlying foreclosure proceeding, and properly
should have been raised in the course of the foreclosure
proceeding.

The Kushmans failed to object to their status as
defendants in the foreclosure proceeding, and, as a
result, were barred from raising that claim at the defi-
ciency hearing. The failure of the Kushmans to raise
that claim in the course of the foreclosure proceeding
goes to the heart of the problem that we addressed in
*Bank of Stamford* v. *Alaimo,* supra. If the Kushmans
were allowed to raise the claim at the deficiency hear-
ing that they are not proper defendants, the vesting
of title that had occurred in the foreclosure judgment
would not be final. Such a result clearly would preju-
dice the plaintiffs. At the deficiency hearing, the plain-
tiffs already had title to the property due to the final
judgment rendered in the foreclosure proceeding. The
plaintiffs should not then be forced to defend the judg-
ment of foreclosure at the deficiency hearing. While
the hearing is a part of the foreclosure action, it is
intended to decide only the limited issue of the defend-
ants' liability beyond the amount secured by the prop-
erty. We conclude that, because the Kushmans failed
to raise their defense in the course of the foreclosure
proceeding, the deficiency judgment is valid.

## II

The Kushmans contend that, if the plaintiffs have the
right to a deficiency judgment, the judgment is valid
only against Richard A. Kushman, since he is the only

individual named in the plaintiffs' motion for deficiency judgment. Neither General Statutes § 49-14 nor Practice Book § 528 set out specific guidelines for the contents of a motion for deficiency judgment.[4] Both § 49-14 and § 528 discuss the nature of a deficiency hearing. Section 49-14 requires that the motion for deficiency judgment be filed within thirty days of the judgment of foreclosure, and both § 49-14 and § 528 require that the hearing shall occur "not less than fifteen days following the filing of the motion." The only guidance concerning the structure of the motion itself is that the motion be "written . . . setting forth the facts relied on as the basis for the judgment . . . ." Practice Book § 528. There is no mention of whom, if anyone, the plaintiff must name, when requesting a hearing for the determination of a deficiency judgment.

In their complaint, the plaintiffs named all four Kushmans in the count seeking a deficiency judgment. After strict foreclosure was granted against all four Kushmans and the Bank of Mystic, the plaintiffs filed a motion for a deficiency judgment, requesting that a date be assigned for an evidentiary hearing to determine the value of the real estate and any resulting deficiency. Pursuant to Practice Book § 528, the plaintiffs' motion included a recitation of the facts that formed the background for the motion for deficiency judgment.

[4] Practice Book § 528 provides: "Whenever a deficiency judgment is claimed in a foreclosure action, the party claiming such judgment shall file with the clerk of the court within the time limited by statute a written motion setting forth the facts relied on as the basis for the judgment, which motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment.

"Upon the motion of any party and for good cause shown, the court may refer such motion to a state referee for hearing and judgment."

While the plaintiffs specifically mentioned only Richard A. Kushman by name in the body of the motion, that reference pertained to the fact that a judgment of strict foreclosure had been entered and that a deficiency hearing was then appropriate. In a subsequent paragraph, the plaintiffs also noted that "said Defendant owner [Richard A. Kushman] failed to redeem on his law day, and *all subsequent encumbrancers failed to redeem.*" (Emphasis added.) Finally, the plaintiffs, having completed their recitation of facts, then actually "move[d] that an evidentiary hearing be assigned in this matter . . . ." This motion was served on the attorney who represented all four Kushmans throughout the foreclosure action. That attorney appeared at the hearing for deficiency judgment and argued the amount of the deficiency.

It follows from the general relationship between foreclosure proceedings and deficiency hearings, from the plaintiffs' compliance with pertinent statutes and rules of practice, and from the plaintiffs' consistency in pursuit of a deficiency from the Kushmans throughout the foreclosure action, that the plaintiffs presented their motion for deficiency judgment against all four Kushmans. We conclude, therefore, that the trial court properly determined that all four Kushmans were liable for the deficiency judgment.

The judgment is affirmed.

In this opinion the other judges concurred.