CONNECTICUT COMMERCIAL LENDERS, LLC *v.*
MARION L. TEAGUE ET AL.
(AC 28311)

Bishop, Gruendel and Borden, Js.

Submitted on briefs November 15, 2007—officially released February 19,
2008

*Mark S. Rosenblit* filed a brief for the appellant (plaintiff).

*William J. Nulsen* filed a brief for the appellees (named defendant et al.).

*Opinion*

GRUENDEL, J. This foreclosure action involves a blanket mortgage secured by two parcels. After obtaining a partial judgment of strict foreclosure as to one parcel, the plaintiff, Connecticut Commercial Lenders, LLC, moved for a judgment of strict foreclosure on the other parcel. Relying on General Statutes § 49-15 as interpreted by of our Supreme Court in *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 708 A.2d 1378 (1998), the trial court concluded that, absent a motion to open the judgment of strict foreclosure, the plaintiff could not obtain the relief requested. On appeal, the plaintiff challenges that determination. We reverse the judgment of the trial court.

The relevant facts are not in dispute. On May 22, 2003, the plaintiff commenced this action against the defendants, Marion L. Teague, Nigel Teague, Leshay Teague, Harold Teague, Jr., Yale New Haven Hospital and the state of Connecticut.[1] Its complaint consisted

---

[1] Yale New Haven Hospital and the state of Connecticut are not parties to this appeal. We refer in this opinion to the Teagues as the defendants.

of two counts, each of which sought to foreclose on a different property owned by the defendants. The two properties were offered as security for a promissory note held by the plaintiff in the amount of $165,000.

On October 28, 2003, the plaintiff filed a motion for partial judgment of strict foreclosure with respect to the first count of the complaint, which concerned property known as 737-739 Dixwell Avenue in New Haven (first property). The court granted the plaintiff's motion and rendered a "partial judgment of strict foreclosure" on November 18, 2003.[2] On July 1, 2004, the plaintiff took title to the first property, which was valued at $80,000.

On December 28, 2005, the plaintiff filed a motion for strict foreclosure with respect to the second count of its complaint concerning 741 Dixwell Avenue in New Haven (second property). On April 11, 2006, the court denied the plaintiff's motion. It stated: "Absent a motion to reopen [the] judgment of strict foreclosure, pursuant to General Statutes § 49-15, as discussed in *New Milford Savings Bank* v. *Jajer*, [supra, 244 Conn. 251], the plaintiff's motion for strict foreclosure on count two is hereby denied." Pursuant to General Statutes § 52-212a,[3] the plaintiff on August 8, 2006, filed a motion to open the April 11, 2006 judgment. The court denied that motion, and this appeal followed.

I

Before considering the merits of the plaintiff's appeal, we briefly address the defendants' contention that the plaintiff's appeal from the April 11, 2006 judgment is

[2] In rendering the partial judgment of strict foreclosure, the court found the debt on the mortgage to be $535,852.47.

[3] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

untimely. The appeal form states that the plaintiff is appealing from the "decision denying [the] motion for judgment of foreclosure on [the second count] of [the] complaint of [April 11, 2006] and [the] decision denying [the] motion to open and set aside [the April 11, 2006] decision . . . ." Because the plaintiff failed to appeal from the April 11, 2006 judgment within twenty days as required by Practice Book § 63-1,[4] the defendants claim that the appeal from that judgment is untimely.[5] The defendants, however, failed to file a motion to dismiss within ten days of the filing of the plaintiff's appeal, as required by Practice Book § 66-8.[6] Consequently, they waived their right to seek dismissal of the appeal as untimely. See *Chase Manhattan Mortgage Corp.* v. *Machado*, 83 Conn. App. 183, 185 n.3, 850 A.2d 260 (2004).

## II

The plaintiff claims that the court improperly concluded that, absent a motion to open the judgment of strict foreclosure, the plaintiff could not obtain a judgment of strict foreclosure on the second property.[7] In

[4] Practice Book § 63-1 (a) provides in relevant part: "Unless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . ."

[5] The filing of a late appeal does not implicate the subject matter jurisdiction of this court. See *Ambroise* v. *William Raveis Real Estate, Inc.*, 226 Conn. 757, 762–63, 628 A.2d 1303 (1993).

[6] Practice Book § 66-8 provides: "Any claim that an appeal or writ of error should be dismissed, whether based on lack of jurisdiction, failure to file papers within the time allowed or other defect, shall be made by a motion to dismiss the appeal or writ. Any such motion must be filed in accordance with Sections 66-2 and 66-3 within ten days after the filing of the appeal or the return day of the writ, or if the ground alleged subsequently occurs, within ten days after it has arisen, provided that a motion based on lack of jurisdiction may be filed at any time. The court may on its own motion order that an appeal be dismissed for lack of jurisdiction."

[7] The plaintiff alternatively argues that the court abused its discretion in denying its motion to open the April 11, 2006 judgment. In light of our disposition of the issue in part II, we need not address that claim.

so concluding, the court expressly relied on General Statutes § 49-15, as interpreted in *New Milford Savings Bank* v. *Jajer*, supra, 244 Conn. 251. When the trial court draws conclusions of law, our review is plenary. *Maritime Ventures, LLC* v. *Norwalk*, 277 Conn. 800, 807, 894 A.2d 946 (2006).

In *New Milford Savings Bank* v. *Jajer*, supra, 244 Conn. 251, the plaintiff bank brought a foreclosure action against the defendants. The complaint mistakenly referenced only two parcels, despite the fact that the mortgage conveyance included three parcels. Id., 253. The trial court subsequently rendered a judgment of strict foreclosure against the two parcels described in the complaint, and title thereafter vested absolutely in the plaintiff bank. When the plaintiff bank later discovered its mistake regarding the third parcel, it filed a motion to open the judgment of strict foreclosure. The propriety of that motion in such circumstances was considered by our Supreme Court.

General Statutes § 49-15 (a) provides that "[a]ny judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer." The defendant in *Jajer* maintained that § 49-15 deprived the trial court of jurisdiction to grant the plaintiff bank's motion to open the judgment of foreclosure to correct the inadvertent omission of the third parcel from its original complaint. *New Milford Savings Bank* v. *Jajer*, supra, 244 Conn. 255–56. The Supreme Court disagreed, stating that "[t]he equitable nature of foreclosure proceedings persuades us that § 49-15 does not preclude the trial court from exercising

its discretion to open the judgment of strict foreclosure in the circumstances of this case." Id., 257. The court opined that it could "discern no persuasive reason to preclude a subsequent foreclosure on the omitted parcel as a matter of law." Id., 261. As a "matter of statutory construction," the court held that "§ 49-15 does not deprive the trial court of jurisdiction to open a judgment of foreclosure to correct an inadvertent omission in a foreclosure complaint." Id., 260. This court subsequently has noted that "[t]he circumstances of *Jajer* are unique and the court's holding is limited." *First National Bank of Chicago* v. *Luecken*, 66 Conn. App. 606, 614, 785 A.2d 1148 (2001), cert. denied, 259 Conn. 915, 792 A.2d 851 (2002).

Other than the fact that it involves a mortgage secured by multiple parcels, the present case bears no resemblance to *Jajer*. It does not involve an inadvertent omission. Unlike the complaint in *Jajer*, the complaint here sought to foreclose on each parcel involved in the mortgage conveyance.

Furthermore, whereas in *Jajer* the court rendered a judgment of strict foreclosure against every parcel described in the complaint, the court here rendered a partial judgment of strict foreclosure as to only one of the parcels described in the complaint.

We are mindful that "the legislature's purpose in barring courts from opening a judgment . . . was not to limit the mortgagee from further pursuit of its newly vested property rights but rather to prohibit the mortgagor from subsequent challenges to the enforceability of the mortgagee's property rights." *New Milford Savings Bank* v. *Jajer*, supra, 244 Conn. 260. Section 49-15 proscribes a challenge to the plaintiff's property rights in the first property that was the subject of the partial judgment of strict foreclosure. At the same time,

nothing in the text of § 49-15 or the *Jajer* decision prohibits the plaintiff from proceeding on that portion of its complaint that remained following the partial judgment of strict foreclosure. Neither the trial court nor the defendants have provided any authority so indicating.[8]

In *Jajer*, our Supreme Court rejected the categorical limitation that "a mortgage cannot be foreclosed piecemeal . . . ."[9] (Internal quotation marks omitted.) Id., 260. It continued: "We need not decide, in this case, whether to go as far as the Nebraska Supreme Court, which held that, even for an intentional omission of mortgaged property, '[t]he bank's action against [one parcel] does not deny it the right to enforce its multiple security interests in further actions involving different parties and different parcels of land.' *Dupuy* v. *Western State Bank*, 221 Neb. 230, 237, 375 N.W.2d 909 (1985)." *New Milford Savings Bank* v. *Jajer*, supra, 244 Conn. 261. What distinguishes the present case from the situation presented in *Dupuy* is the fact that, rather than intentionally omitting certain mortgaged property, the plaintiff's complaint *included* every property involved in the mortgage conveyance. Moreover, when the plaintiff sought to foreclose on the second property, it did not institute a further action but merely sought to proceed on that portion of its original action that the partial judgment of strict foreclosure did not resolve.[10]

---

[8] The appellate brief of the defendants contains no analysis whatsoever on the issue of whether the court properly concluded that, absent a motion to open the judgment of strict foreclosure, the plaintiff could not obtain a judgment of strict foreclosure on the second property.

[9] Concerning the foreclosure of blanket mortgages, two commentators have recognized "a sound legal basis for a lender intent, for whatever reason, on pursuing seriatim foreclosure of its security." D. Caron & G. Milne, Connecticut Foreclosures (4th Ed. 2004) § 16.01A, p. 379.

[10] In their brief, the defendants emphasize that, following the rendering of partial judgment of strict foreclosure on the first count, "[t]he plaintiff at no time thereafter filed a motion for a deficiency judgment." The fact that the plaintiff did not obtain a deficiency judgment prior to filing its December 28, 2005 motion for strict foreclosure on count two does not render unenforceable the mortgage on the second property. Indeed, the

It is axiomatic that a partial judgment does not fully resolve the claims of a given complaint. In *Stroiney* v. *Crescent Lake Tax District*, 197 Conn. 82, 495 A.2d 1063 (1985), the court observed that "[t]he record indicates no reason for the failure to complete the proceedings in the trial court . . . . The plaintiffs have not withdrawn or abandoned their claims for relief that have not yet been adjudicated." (Citation omitted.) Id., 84. Likewise, we perceive no reason why the court refused to entertain the plaintiff's motion on the remaining count of its complaint in the present case.

We conclude that the court incorrectly determined that § 49-15, as interpreted in *New Milford Savings Bank* v. *Jajer*, supra, 244 Conn. 251, prevented the plaintiff from obtaining a judgment of strict foreclosure on the second property absent a motion to open the judgment of strict foreclosure. *Jajer* stands for the proposition that the trial court retains jurisdiction to open a judgment of foreclosure to correct an inadvertent omission in a foreclosure complaint. Id., 260. As such, it is inapplicable to the present case.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.

---

*Jajer* court rejected such a claim, stating that "a mortgagee's failure to pursue a deficiency judgment is not an election of remedies and does not, per se, extinguish the debt so as to preclude further equitable relief by way of foreclosure on the mortgaged property." *New Milford Savings Bank* v. *Jajer*, supra, 244 Conn. 267.