## WELLS FARGO BANK, N.A., TRUSTEE *v.* SPRING TIME #1, LLC, ET AL.

Superior Court, Judicial District of Hartford
File No. CV-07-5010881

Memorandum filed November 14, 2008

*McCarter & English, LLP*, for the plaintiff.

*Tyler, Cooper & Alcorn*, for the named defendant.

*Weinstein & Wisser, P.C.*, for the defendant Jonathan W. Burke.

HON. ROBERT SATTER, JUDGE TRIAL REFEREE. In its opinion of August 14, 2008; see Wells Fargo Bank, N.A., Trustee *v.* Spring Time #1, LLC, Superior Court,

judicial district of Hartford, Docket No. CV-07-5010881-S (August 14, 2008) (46 Conn. L. Rptr. 204); this court granted the motion filed by the plaintiff, Wells Fargo Bank, N.A., Trustee, to preclude the defendant Jonathan W. Burke from raising an objection to the plaintiff's motion for a deficiency judgment to the effect that Burke had not signed the guaranty at issue in this matter and so was not liable on it. This court based its opinion on the fact that Burke had been defaulted, and on the authority of *Bank of Stamford* v. *Alaimo*, 31 Conn. App. 1, 9, 622 A.2d 1057 (1993), and *Vigno* v. *Bank of Mystic*, 32 Conn. App. 309, 313, 628 A.2d 1339 (1993), which hold that any defense that a defendant could have made in the foreclosure proceeding cannot be relitigated in the deficiency hearing.

Defendant Burke's motion to reconsider the court's decision of August 14, 2008, raises a matter the court was not aware of when it wrote its decision and requires the court to rethink denying Burke the right to contest the validity of his signature on the guaranty. This, in turn, necessitates that the court review the procedural background of this case.

The plaintiff's complaint is in two distinct counts. Count one states a cause of action in foreclosure of the subject mortgage. It alleges at paragraph twenty-four: "The Borrower is in default of the Note, the Mortgage, and Assignment in that, among other things, [defendant Spring Time #1, LLC] has failed and neglected to pay the installment, principal and interest when due between January 7th and May 2007."

That count makes no mention whatsoever of a guaranty by Burke.

Count two states the cause of action on the guaranty. It alleges as follows: "31. In connection with the Note, Mortgage, and Assignment, on or about September 2, 2003, defendant Jonathan W. Burke ('Burke') executed

a Guaranty of Recourse Obligations of Borrower (the 'Guaranty,' attached hereto as Exhibit D).

"32. Pursuant to the terms of the Guaranty, Burke is liable to Trust for all sums due under the Note, in the event of any occurrence as described in Paragraph b of Article XI of the Note ('an Article XI (b) Event').

"33. An Article XI (b) Event has occurred.

"34. As a result of the Borrower's default and the occurrence of An Article XI (b) Event, Burke is liable to Trust for all sums due under the Note, the Mortgage, and Assignment, including, without limitation, all principal, accrued interest, default interest, late charges, prepayment compensation, and expenses of collection, including attorneys fees."

The claim for relief in the complaint was foreclosure of the mortgage securing the premises; a deficiency judgment; attorneys fee's, disbursement and costs to the extent allowed; appointment of a receiver to collect all rents and profits accruing from the premises; appointment of a receiver to take possession of the premises; immediate possession of the premises and a writ of ejectment; and such other and further relief in law or equity as the court may deem appropriate.

After all defendants were defaulted, on January 9, 2008, the plaintiff moved for a judgment of strict foreclosure. The order of the court, dated January 22, 2008, was as follows:

"The foregoing motion for judgment of strict foreclosure, having been considered by the court, it is hereby ordered:

"As to the Mortgage: Granted.

"Debt found to be $1,692,565.20.

"Law days commencing on March 10, 2008, for the owner of redemption . . . ."

Subsequently, on March 1, 2008, the judgment was opened for the sole purpose of modifying the judgment to include a defeasance fee of $361,486.52, making the total debt $2,066,644.01.

On April 16, 2008, the plaintiff moved for a deficiency judgment on the basis of the failure of Spring Time #1, LLC, the owner of the leasehold interest, and Burke, the guarantor of the debt, to redeem on their respective law days. The motion alleged that Spring Time #1, LLC, and Burke are liable for any deficiency.

Attorney Richard P. Weinstein of Weinstein & Wisser, P.C., entered an appearance on behalf of Burke on April 30, 2008, and on May 1, 2008, objected to the motion for a deficiency judgment. His objections were:

1. Burke denies he signed the guaranty;

2. The obligation under the guaranty is of limited nature, conditional on other misconduct than default of payment of the mortgage note. Burke is entitled to question the amount of his obligation under the guaranty;

3. Burke was not provided meaningful notice of this action, so the court lacked personal jurisdiction over him; and

4. Burke reserves the right to contest the valuation of the subject property.

The plaintiff moved to preclude those objections to the motion for a deficiency judgment.

This court, in its decision of August 14, 2008, precluded Burke's first and third objections and did not preclude his second and fourth objections.

Between the time the court heard argument on the plaintiff's motion to preclude Burke's objection and the time the court rendered its decision on August 14, 2008, Burke on July 15, 2008, filed an answer to the complaint. In that answer, Burke denies the allegation in the second count that he "executed a Guaranty of Recourse Obligations of Borrower . . . ."

Burke argues for reconsideration on the ground that this court did not know of the filing of the answer when it rendered its decision of August 14, 2008. That is a fact.

The issue, then, before the court is whether the filing of that answer requires the court to change its decision barring Burke from contesting his signing of the guaranty. Burke argues that the court should do so because no judgment was entered on the second count. Although Burke was defaulted for failure to appear, his answer was filed before a judgment was entered, and, as a consequence, Burke argues, the default must be set aside, pursuant to Practice Book § 17-32 (b). That section provides: "If a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the judicial authority, the clerk shall set aside the default. If a claim for a hearing in damages or a motion for judgment has been filed, the default may be set aside only by the judicial authority. . . ." Practice Book § 17-32 (b).

As indicated in the procedural background set forth previously, judgment of strict foreclosure was entered on count one. No judgment was entered on count two relating to the guaranty.

Our courts do not enter a generic judgment in a multiple count complaint. They enter a judgment on each specific count. See *Mangels* v. *Yale,* Superior Court, judicial district of Fairfield, Docket No. CV-02-0389790-S (June 14, 2007) (*Arnold, J.*); *Prigitano* v. *Connecticut*

*Life & Casualty Ins. Co.*, Superior Court, judicial district of New Haven at Meriden, Docket No. CV-96-0254302-S (January 22, 1998) (*Hon. Donald T. Dorsey*, judge trial referee). Entry of judgment in one count of a complaint does not preclude the entry of a subsequent judgment on the second count of the complaint.

This is the clear holding of our Appellate Court in *Connecticut Commercial Lenders, LLC* v. *Teague*, 105 Conn. App. 806, 940 A.2d 831 (2008). In that case, the complaint consisted of two counts, each of which sought to foreclose on a different property owned by the defendant. The plaintiff filed a motion for a partial judgment of strict foreclosure with respect to one count relating to one piece of property, and the motion was granted. Two months later, the plaintiff filed a motion for a judgment of strict foreclosure on the second count relating to a different piece of property. The trial court denied the motion on the ground that the plaintiff first had to move to open the earlier judgment, pursuant to General Statutes § 49-15. The Appellate Court reversed the judgment of the trial court, ruling that "when the plaintiff sought to foreclose on the second property, it did not institute a further action but merely sought to proceed on that portion of its original action that the partial judgment of strict foreclosure did not resolve. It is axiomatic that a partial judgment does not fully resolve the claims of a given complaint." Id., 812–13.

Pursuant to that holding in *Connecticut Commercial Lenders, LLC*, the judgment of strict foreclosure on count one in this case left unresolved and still outstanding, count two alleging the guaranty.

The court finds no specific Connecticut case in which a judgment of foreclosure was entered on one count of a complaint alleging default in payment of the underlying mortgage note, and no judgment was entered on another count of the complaint alleging liability under

a guaranty. A trial court has recognized, however, that the two claims raise distinctly different issues. In *New England Savings Bank* v. *High Ridge, Inc.*, Superior Court, judicial district of New London at Norwich, Docket No. 097113 (October 3, 1991) (*Leuba, J.*) (5 Conn. L. Rptr. 110), the plaintiff bank filed a single count complaint seeking a foreclosure, and alleging default by a mortgagor on a promissory note and liability of the guarantor of the note. The guarantor interposed special defenses to the guaranty. The plaintiff moved for summary judgment on its foreclosure claim. The guarantor opposed the motion on the basis of its defenses to the guaranty. The court found that those defenses were "separate from the foreclosure action itself . . . ." Id. It rendered summary judgment on the foreclosure claim, holding that "the liability of [the guarantor] based on the guaranty may be raised in a deficiency judgment hearing pursuant to General Statutes § 49-14 . . . ."

If in a single count complaint, the issues of foreclosure and the obligations of the guarantor are deemed separate, a fortiori, in a two count complaint alleging those claims, they must be deemed separate causes of action. A judgment on the foreclosure count is not a judgment on the guaranty count. Consequently, Burke's answer, filed before the entry of any judgment on the guaranty count, must operate to set aside his default, pursuant to Practice Book § 17-32 (b), as to that count.

Moreover, because a motion for a deficiency judgment has been filed, this court has the discretion and does exercise it, pursuant to the aforementioned rule of practice, to set aside Burke's default. As a consequence, a hearing must be had on count two, as to which the plaintiff must prove its allegation that Burke executed the guaranty, which Burke, in his answer, denies.

Thus, after reconsideration, this court sets aside its holding precluding Burke from attacking the validity of the guaranty.