Powell v. Ocwen Loan Servicing, LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of December, two thousand twenty.

PRESENT:
> DENNY CHIN,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GARY POWELL, GAIL POWELL,
> *Plaintiffs-Appellants*,

v.                                                                19-2735

OCWEN LOAN SERVICING, LLC, as Servicer
for DEUTSCHE BANK NATIONAL TRUST
COMPANY, LITTON LOAN SERVICING LP,
DOES, 1-50,
> *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:                    Gary Powell and Gail
                                              Powell, pro se,
                                              Wallingford, CT.


FOR DEFENDANTS-APPELLEES:                     Marissa Delinks, Hinshaw
                                              & Cubertson, LLP, Boston,
                                              MA.


Appeal from a judgment of the United States District Court for the District of Connecticut (Meyer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Gary and Gail Powell, appearing pro se, sued defendants-appellees Litton Loan Servicing, LLC and its successor, Ocwen Loan Servicing, LLC ("Ocwen"), in the court below a few months after a Connecticut court rendered a judgment of strict foreclosure against them. They asserted claims under federal law for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1631, and under state law for breach of contract and the covenant of good faith and fair dealing, estoppel/unclean hands, accounting, and fraud. The district court dismissed the FDCPA and TILA claims for failure to state a claim and also deemed them abandoned, dismissed the breach of contract and estoppel/unclean hands claims as barred under the *Rooker-Feldman* doctrine, and dismissed the accounting and fraud claims as barred by

res judicata.   The Powells appealed.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.   *Rooker-Feldman*

The *Rooker-Feldman* doctrine provides that federal courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).   The *Rooker-Feldman* doctrine applies where: (1) the federal-court plaintiff lost in state court; (2) she complains of injuries caused by a state court judgment; (3) she seeks district court review and rejection of that judgment; and (4) the state court judgment has been rendered before the district court proceedings commenced.  *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).   We review the district court's application of the *Rooker-Feldman* doctrine *de novo*.  *Sung Cho v. City of N.Y.*, 910 F.3d 639, 644 (2d Cir. 2018).

Here, the district court correctly found that all four requirements of the *Rooker-Feldman* doctrine were satisfied.   As to the first and fourth requirements, the Powells filed this federal lawsuit three months after they had lost in state court, when

3

the court rendered its amended judgment of strict foreclosure, and after the Powells' time to appeal the judgment had passed. *Exxon Mobil Corp.*, 544 U.S. at 284. The Powells argue that they did not lose in state court because Connecticut did not afford them an opportunity to appeal from the foreclosure. But they do not explain how or why they did not have an opportunity to appeal the foreclosure judgment and provide no case law or other support for their conclusory statement. While the *Rooker-Feldman* doctrine does not apply if the "plaintiff had neither a practical reason nor a legal basis to appeal the state-court decision that caused her alleged injuries," *Green v. Mattingly*, 585 F.3d 97, 103 (2d Cir. 2009), the Powells had an opportunity to appeal from the foreclosure, *Danzig v. PDPA, Inc.*, 11 A.3d 153, 158 (Conn. App. Ct. 2010) ("[A] judgment of foreclosure constitutes an appealable final judgment when the court has determined the method of foreclosure and the amount of the debt.").

The district court also correctly held that the second and third requirements were satisfied. The Powells' claim for injunctive relief and their breach of contract and estoppel/unclean hands causes of action sought to enjoin the foreclosure and invalidate the legal basis for the foreclosure judgment. The Powells argue on appeal that they are not seeking redress for injuries caused by the state court judgment, but instead are seeking relief from problems they did not bring to the state court's

4

attention—namely, Deutsche Bank's refusal to clarify certain terms of the loan modification. They also argue that *Rooker-Feldman* does not apply because they sought damages from Ocwen's breach of the loan modification agreement.

The Powells' arguments are unavailing. After a mediator found that they failed to make payments pursuant to the loan modification, the state court ordered foreclosure. In other words, the foreclosure judgment was based on the Powells' breach of the modification agreement. In the court below, they argued that defendants' alleged breach of contract rendered the loan modification "void and/or voidable"; claimed that defendants' alleged misrepresentations estopped them from executing the foreclosure; and sought to enjoin defendants "from instituting, prosecuting or maintaining foreclosure proceedings on [the property] or from otherwise taking any steps to deprive [them] of ownership." Record on Appeal, Dkt. No. 1 ¶¶ 55, 62; *id.* at 10.

Thus, the core injury of which the Powells complain, "and which [they] seek] to have remedied, is the state foreclosure judgment" – correcting their loan balance as found by the state court – and their stated aim in filing their complaint was "to have the state judgment declared 'void.'" *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (per curiam). That is true regardless of their preferred

5

remedy. Because the validity of the loan modification agreement lay at the heart of both the state court's foreclosure judgment and these two claims, the district court could not have passed upon these claims without inviting a "review and rejection" of the state court's judgment. *Exxon Mobil Corp.*, 544 U.S. at 284.

As all four requirements of *Rooker-Feldman* were satisfied, the district court correctly concluded that the doctrine barred the Powells' breach of contract and unclean hands/estoppel claims.

For the same reasons, the Powells' fraud claim is also barred from review by the *Rooker-Feldman* doctrine. In their claim for fraud, the Powells seek a correction of the mortgage balance found by the state court, contending that their actual mortgage balance is much less. Thus, this claim also invites a "review and rejection," *Exxon Mobil Corp.*, 544 U.S. at 284, of the amount of debt determined by the state court in its final judgment of foreclosure, *see Danzig*, 11 A.3d at 158.

## II. TILA and FDCPA Claims

In their opposition to the motion to dismiss, the Powells did not address defendants' arguments that their FDCPA claim was time-barred and that they could not bring a TILA claim against loan servicers. They requested, in passing, that they should have an opportunity to amend their complaint in the event the district court granted the

6

motion to dismiss but did not otherwise suggest how they would amend these claims. The district court held that the Powells: (1) failed to state a FDCPA claim because they did not allege any facts suggesting improper debt collection took place within a year of the date that they filed their federal complaint, thereby running afoul of the FDCPA statute of limitations; and (2) failed to state a TILA claim because only "creditors" could be sued and loan servicers were not creditors. Alternatively, the district court deemed those claims abandoned because the Powells did not address them in opposition to the motion to dismiss.

On appeal, the Powells argue that the district court erred in dismissing their FDCPA and TILA claims by considering them abandoned. They then assert that, given its obligation to afford pro se filings a liberal construction, the district court should have provided them the opportunity to conduct discovery and amend their complaint. They do not advance any new factual allegations that they would make if granted leave to amend, but merely claim, in a conclusory fashion, that amendment should have been granted because they are appearing pro se. They also have not challenged the district court's dismissal of the FDCPA and TILA claims for failure to state a claim, thereby abandoning those issues. *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

7

Here, the district court did not consider whether it should have allowed amendment; it relied on district court cases discussing abandonment as apparently obviating the need to do so. We have taken a dim view of plaintiffs' attempts to resurrect abandoned claims on appeal. *See*, *e.g.*, *Edward B. Marks Music Corp. v. Cont'l Record Co.*, 222 F.2d 488, 492 (2d Cir. 1955) ("[A] plaintiff in his opposition to a motion for summary judgment cannot abandon an issue and then, after an unpalatable decision by the trial judge, on appeal, by drawing on the pleadings resurrect the abandoned issue."). By abandoning their FDCPA and TILA claims, the Powells have acceded to the district court's holding that the claims are barred.

Additionally, the Powells sought leave to amend only in the final sentence of their opposition to the motion to dismiss and at no point offered any new factual allegations that they would make if granted leave to amend. *See Metz v. U.S. Life Ins. Co. in City of N.Y.*, 662 F.3d 600, 603 (2d Cir. 2011) (per curiam) (leave to amend unwarranted when, both before the district court and on appeal, the plaintiff "[did] not advance new factual allegations that she would make if granted leave to amend, but merely claim[ed] in conclusory fashion that had she been permitted to amend, she could have pled allegations sufficient to make out a claim"). "It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave

8

is requested informally in a brief filed in opposition to a motion to dismiss." *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006), *abrogated on other grounds by F.T.C. v. Actavis, Inc.*, 570 U.S. 136 (2013); *see also Metz*, 662 F.3d at 603 (denial of leave to amend proper when plaintiff "sought leave to amend only in the final sentence of her opposition to the motion to dismiss"). The district court therefore properly dismissed the FDCPA and TILA claims.

Finally, the Powells' appellate brief does not raise any arguments concerning the district court's dismissal of their accounting claim. Accordingly, they have waived any challenge to the dismissal of this claim. *LoSacco*, 71 F.3d at 92–93.

We have considered the Powells' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9